UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Levi Kahn, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br>United Collection Bureau, Inc.<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action No: 7:20-cv-5467<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Levi Kahn ("Plaintiff") by and through his attorneys, Stein Saks, PLLC, as and for his Complaint against Defendant United Collection Bureau, Inc. ("UCB") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id*. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, with an address of 4 Skylane Ct. Airmont, NY 10901.

8. Defendant UCB, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 80 State Street Albany, NY 11207.

9. Upon information and belief, Defendant UCB, is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;
   b. to whom Defendant United sent an initial collection letter, attempting to collect a consumer debt;
   c. that offered a discounted amount to settle the debt obligation,
   d. but failed to include a due date in which to accept the discounted settlement amount;
   e. while also advising that the Defendant is not obligated to renew the offer,
   f. then the Defendant sent subsequent collection letters which provided same discounted settlement amount, under the same terms as the initial collection

letter.

g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A and Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A and Exhibit B violate 15 USC §1692e, 1692f and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to April 6, 2020, an obligation was allegedly incurred to JP Morgan Chase Bank, N.A. by the Plaintiff.

22. The JP Morgan Chase Bank, N.A. obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes, specifically here a credit card used for personal purchases.

23. The JP Morgan Chase Bank, N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a (5).

24. JP Morgan Chase Bank, N.A. is a "creditor" as defined by 15 U.S.C. §1692a (4).

25. Defendant UCB, a debt collector, was contracted by JP Morgan Chase Bank, N.A. to collect the debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

27. On or about April 6, 2020, Defendant UCB sent Plaintiff an initial collection letter (the "April Letter") advising the consumer, that a debt had been placed with Defendant for collection.  **See Exhibit A**.

28. This collection letter went on to offer the Plaintiff a discounted amount of $889.74 in satisfaction of the amount due of $3,558.95.

29. This settlement offer contained no specific due date for payment let alone one that explicitly would extend past the 30-day validation period.

30. Additionally, the letter went on to state that, "We are not obligated to renew this offer."

31. The inclusion of this threat leads the Plaintiff to believe that if he fails to take advantage of this offer it will be withdrawn.

32. Furthermore, it leads the Plaintiff to consider accepting this offer in lieu of disputing the debt for fear he may never receive another settlement offer as good as this one.

33. On or about May 4, 2020, Defendant UCB sent the Plaintiff a second collection letter (the "May Letter") **See Exhibit B**.

34. The May Letter offered the same discounted amount due of $889.74, to settle the debt in full.

35. The May Letter illuminates the fact that Defendant UCB intended to offer the same exact discounted settlement amount, with the same exact terms as the April Letter.

36. Defendant UCB use of the phrase, "We are not obligated to renew this offer," in the initial collection letter was clearly done as an attempt to strike fear in the heart of the Plaintiff to accept the offer as soon as possible, and not invoke his rights provided under 1692g.

37. Defendant UCB clearly had no intention of withdrawing the "settlement offer" contained in the April Letter, as evidenced by the fact it was offered again one month later.

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated §1692e:

   a. As the Defendant fully intended to present the offer contained in the April Letter in subsequent debt collection communications to Plaintiff, inclusive of but not limited to the May Letter.

  b. The Defendant presented an offer in its collection letter that did not contain a due date.

  c. By making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

46. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. The Defendant has violated 15 U.S.C. §1692f by utilizing the fear of not extending the offer of settlement in the April Letter, when Defendant fully intended on doing so.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA, and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. The Defendant fully intended to present the offer contained in the April Letter in subsequent letters sent to the Plaintiff, inclusive of but not limited to the May Letter, and the use of the language of the offer not being renewed was solely invoked to coerce the Plaintiff to not dispute the debt or invoke his rights under 1692g.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Levi Kahn, individually and on behalf of all others similarly situated, demands judgment from Defendant United Collection Bureau, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David P. Force, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 16, 2020                                Respectfully Submitted,

*/s/ David P. Force*
By: David P. Force, Esq.
**Stein Saks PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201) 282-6501
*Attorneys for Plaintiff*