UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/15/2021

LEVI KAHN,

                              Plaintiff,

           v.

UNITED COLLECTION BUREAU, INC.
and JOHN DOES 1-25,

                              Defendants.

20 CV 5467 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Levi Kahn ("Plaintiff") brings this action against the United Collection Bureau, Inc. ("UCB") and John Does 1-25 (together, the "Defendants"), alleging that UCB sent him two letters in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

Presently before the Court is UCB's motion to dismiss the Complaint.  (ECF No. 12.)  For the following reasons, the motion is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the debt collection letters attached thereto, (ECF No. 1), and are accepted as true for purposes of this motion.

Plaintiff incurred credit card debt owed to JP Morgan Chase Bank, N.A. ("JP Morgan"). (Compl. ¶¶ 21-23.)  UCB was contracted by JP Morgan to collect the debt.  (*Id*. ¶ 25.)  On or about April 6, 2020, UCB sent Plaintiff a collection letter (the "April Letter") advising that a debt had been placed with UCB for collection.  (*Id*. ¶ 27.)  The April Letter offered Plaintiff a discounted amount of $889.74 in satisfaction of the amount due of $3,558.95.  (*Id*. ¶ 28.)  Specifically, the April Letter states, "[i]f you are interested in a reduction of the balance, we are authorized to offer you a settlement for $889.74.  We are not obligated to renew this offer."  (*Id*. Ex. A.)  The April

Letter does not contain a date for payment but provides a phone number for UCB's office and a reference number for Plaintiff's matter. (*Id*. ¶ 29; Ex. A.)

On or about May 4, 2020, UCB sent Plaintiff a second collection letter (the "May Letter"). (*Id*. ¶¶ 33-34.) The May Letter provides three settlement offers, including the offer to settle the debt for a payment of $889.74. (*Id*. Ex. B.) Each offer includes the language "[w]e are not obligated to renew this offer," and includes due dates for the payments. (*Id*.)

Plaintiff filed the instant action on July 16, 2020 alleging violations of the FDCPA. (*See id*.) On January 4, 2021, UCB filed a motion to dismiss the complaint (ECF No. 12), and Plaintiff filed a brief in opposition, (ECF No. 13.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A

motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

In his Complaint, Plaintiff alleges that UCB violated sections 1692e, 1692f, and 1692g of the FDCPA.  The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To achieve this, the FDCPA imposes, "among other things, certain notice and timing requirements on efforts by 'debt collectors' to recover outstanding obligations."  *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004).  Pursuant to Section 1692k of the FDCPA, "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person . . . ."  15 U.S.C. § 1692k.

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA.  *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017).  In evaluating potential violations of the FDCPA, courts must apply an objective standard based on whether the "least sophisticated consumer" would be deceived by the collection practice.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  The basic purpose of the "least sophisticated consumer" standard is to "protect[] all consumers, the gullible as well as the shrewd." *Id*.

UCB contends that Plaintiff fails to plausibly allege the final element as (i) the letters comply with Sections 1692e and 1692f of the FDCPA, and (ii) the settlement offers within the letters did not overshadow the required validation notice under Section 1692g.  (Defendant's Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("UCB's Mem.") ECF No. 12 at 4-8.)  The Court will address each of Plaintiff's causes of action separately below.

## I.      Section 1692e

Section 1692e, entitled "[f]alse or misleading representations," prohibits a debt collector from the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  115 U.S.C. § 1692e.  Section 1692e specifies certain categories of conduct that are prohibited, including "[a]ny false representation concerning the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  *Id*. § 1692e(2)(A); (10).  Applying the "least sophisticated consumer" standard, a collection notice can be deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate."  *Easterling v. Collecto, Inc*., 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319).  "[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA."  *Cohen v. Rosicki, Rosicki & Assocs., P.C*., 897 F.3d 75, 85 (2d Cir. 2018).  For the alleged false representation to violate the FDCPA, the statement must be material such that it would "frustrate a consumer's ability to intelligently choose his or her response."  *Id*. at 87 (citing *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1034 (9th Cir. 2010)).

Here, Plaintiff is alleging that UCB's April Letter violated Section 1692e(2)(A) and (10) by "impl[ing] that the settlement offer is a one-time offer and no further offers will be

4

forthcoming." (Plaintiff's Memorandum of Law in Support of its Opposition to Defendant United Collections Bureau, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Pl.'s Opp.") ECF No.13 at 5.) UCB alleges that its letters comply with Section 1692e as courts "have created [a] safe harbor which immunizes debt collectors from liability when attempting to settle debts for less than the amount owed." (UCB Mem. at 4.) UCB is referring to the Seventh Circuit in *Evory v. RJM Acquisitions Funding L.L.C.*, where the court held the language "[w]e are not obligated to renew this offer" satisfied the least sophisticated consumer standard. 505 F.3d 769, 776 (7th Cir. 2007). The court held "[t]he word 'obligated' is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured." *Id*. UCB states that a court within the Second Circuit has also accepted this safe harbor, directing the Court to *Saraci v. Capital Mgmt. Servs., L.P.*, 1:18-CV-05149 (AMD) (RER), 2019 WL 4602827 *3 (E.D.N.Y. Sept. 23, 2019). (UCB Mem. at 4-5.) In *Saraci*, the Eastern District relied on *Evory* and rejected a challenge to the statement that the debt collector was "not obligated to renew th[e] offer." *Id*. at *2. The court held this language satisfies the least sophisticated consumer standard as "the import of the letter is that the defendant could renew the offer, but was not obligated to do so." *Id*.

Plaintiff alleges that the *Evory* safe harbor provision has been rejected in another jurisdiction. (Pl.'s Opp. at 9-10.) Specifically, in *Al v. Van Ru Credit Corp.*, No. 17-CV-1738-JPS, 2018 WL 1972486, at *2–4 (E.D. Wis. Apr. 26, 2018), the court denied a motion to dismiss where a letter sent by the defendant urged the plaintiff to act "promptly" and included the *Evory* safe harbor language. The plaintiff argued the language violated the FDCPA by misleading the consumer into believing the defendant intended to withdraw the offer, and the *Evory* language added more pressure on the consumer. *Id*. at *3. However, while the court did find for the plaintiff, it did so because "[h]ow the safe-harbor language would affect an unsophisticated consumer is a

5

fact-specific question not amenable to resolution on a motion to dismiss," not because it believed her argument was correct. *Id*. at \*4.

Plaintiff next avers that the lack of any clear deadline in the settlement offer puts added pressure on the consumer to accept the settlement in the short term. (Pl.'s Opp. at 10.)  However, courts have previously held the opposite.  *See, e.g.*, *Rozario v. Admin Recovery, LLC*, No. 20-801(FLW), 2020 WL 4188131, at \*4 (D.N.J. July 21, 2020) ("[T]here is no demand period because the letter sent by Defendants contains no deadline coercing Plaintiff into making a hasty decision . . . without any other coercive language, the phrase '[w]e are not obligated to renew this offer' does not, by itself, create any sense of urgency.").  Here, the April Letter contains no language that could be seen as prompting the consumer to accept the settlement quickly before it disappears, and the lack of a specific deadline does not change this.

Plaintiff also avers that UCB's reliance on the court's reasoning in *Saraci* is misplaced because (1) *Evory* is not binding precedent, (2) it failed to address the FDCPA's goals of ameliorating deception, and (3) it failed to observe the least sophisticated consumer standard. (Pl.'s Opp. at 11-13.)  This Court disagrees.

First, while it is not binding, the *Evory* safe harbor language has been accepted by additional courts within this District.  *See Gordon v. Admin Recovery, LLC*, 20 CV 10017 (VB), 2021 WL 4864606, at \*3 (S.D.N.Y. Oct. 18, 2021) ("the Court agrees with the finding in *Evory* that such language is not deceptive and 'even the unsophisticated investor will realize that there is a renewal possibility but that it is not assured'"); *Skvarla v. MRS BPO, LLC*, 21 Civ. 55, 2021 WL 2941118, at \*3 (S.D.N.Y. July 12, 2021) ("The Court finds that the safe harbor language does not mislead the 'least sophisticated consumer' by creating a false sense of urgency regarding the offers."); *Dillard v. FBCS, Inc.*, 19-CV-968(KAM)(RER), 2020 WL 4937808, at \*5 (E.D.N.Y.

Aug. 24, 2020) ("Defendant's decision to provide reasonable, court-approved safe-harbor language about the offer is not the type of conduct the FDCPA was designed to stop.").

Most comparable to this matter is *Gordon*, which involved a debt collection letter that offered a settlement of the debt if the plaintiff paid half of the amount owed. 2021 WL 4864606, at *1. The letter stated (i) to accept the offer the consumer was to remit payment upon receipt of the letter; (ii) if the plaintiff wanted additional time to respond to the offer, she should contact the defendant; and (iii) the *Evory* safe-harbor language. *Id.* The plaintiff argued the *Evory* language, taken together with the other language in the letter, was deceptive and misleading. *Id.* The Court held that the letter was not misleading to the least sophisticated consumer as the language in the letter did not provide an immediate deadline, nor did it suggest no further offers would be made or create a false impression that the offer must be accepted immediately. *Id.* at *3. The plaintiff also argued the court should follow the Eastern District of Wisconsin's reasoning in *Al. Id.* at *4. However, the court found the reasoning in *Saraci* more persuasive than the one in *Al.* The court first noted that the reasoning in *Al* was not binding. It also noted that *Al* was "not instructive" because it focused on the ambiguity created by the explicit deadline averring that the offer would expire if not paid "promptly." Similarly, here, the April Letter included the *Evory* safe-harbor language and neither contained an immediate deadline, nor suggested that no further offers would be made. Our precedent shows that this is valid under the FDCPA.

Second, the *Saraci* Court did address the purpose of the FDCPA in its opinion. The court discussed how the purpose of the statute is to curb abusive debt practices, and ultimately held the letters at issue were neither deceptive nor misleading. 2019 WL 4602827, at *2–3. While the court also discussed additional reasons for its holding, including the fact that debt collectors would

be deterred from offering settlements if the court were to label this practice as deceptive, *id*. at *3, that does not mean the court failed to address the goal of ameliorating deception.

Lastly, Plaintiff alleges that by considering the plaintiff's own experience, the *Saraci* Court failed to use the least sophisticated consumer standard.  (Pl.'s Opp. at 12-13.)  In contrast to Plaintiff's assertions, the *Saraci* Court held that the letters were neither deceptive nor misleading under the least sophisticated consumer standard based on the text of the letter.  2019 WL 4602827, at *2–3.  The court bolstered its conclusion by stating the second letter the plaintiff received clearly showed that the debt collector was not making a one-time proposition.  *Id*. at *3.  This is clearly different from the situations Plaintiff posits support his argument, as "[t]he district court . . . placed considerable – if not dispositive – weight on the facts and circumstances surrounding [plaintiff's] background" in these situations.  *Easterling*, 692 F.3d at 234.

As the Court fails to find Plaintiff's arguments to be persuasive, the Court finds that UCB's letters are not deceptive or misleading under Section 1692e.  Therefore, Plaintiff's first cause of action is dismissed.

## II.      Section 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt any debt," and lists specific conduct that would fall under the provision.  115 U.S.C. § 1692f.  "Unconscionable" means "shockingly unjust or unfair" or "affronting the sense of justice, decency, or reasonableness."  *Gallego v. Northland Group, Inc*., 814 F.3d 123, 127–28 (2d Cir. 2016).

Here, Plaintiff alleges that UCB violated Section 1692f by "by utilizing the fear of not extending the offer of settlement in the April Letter, when Defendant fully intended on doing so." (Compl. ¶ 47.)  Specifically, Plaintiff is alleging that UCB violated Section 1692f(1), which

8

includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (Pl.'s Opp. at 5 (citing 115 U.S.C. § 1692f(1)). UCB avers that this cause of action should be dismissed for the same reasons as the Section 1692e claim, because "offering to settle Plaintiff's debt at a discounted price is hardly an unconscionable or unfair practice[.]" (UCB Mem. at 6-7.) After due consideration, this Court agrees with UCB.

There are no allegations in the Complaint that are even close to "shockingly unjust or unfair" or "affronting the sense of justice, decency, or reasonableness." Plaintiff also fails to present a similar set of facts that were found to be in violation of the statute, instead relying on his arguments for his claim brought under Section 1692e. (Pl.'s Opp. at 6.) As that claim has been dismissed, so too must this one. *Saraci*, 2019 WL 4602827, at *3 ("Accordingly, the letter is not false, deceptive or misleading, and the plaintiff's Section 1692e claim is dismissed for failure to state a claim. For similar reasons, the plaintiff's Section 1692f claim for 'unfair or unconscionable' practices is dismissed.").

Therefore, Plaintiff's second cause of action brought under Section 1692f is dismissed.

## III.    Section 1692g

Section 1692g requires a debt collector to provide debtors with written notice of their validation rights. 15 U.S.C. § 1692g. However, the obligation is not simply to convey the validation rights, but rather to convey them clearly. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 90 (2d Cir. 2008) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996)). A debt collection notice that overshadows or contradicts the validation notice violates Section 1692g. *Savino v. Computer Credit,* 164 F.3d 81, 85 (2d Cir. 1998). A debt collection letter is considered

overshadowing or contradictory "if it would make the least sophisticated consumer uncertain as to her rights." *Russell*, 74 F.3d at 35.

Here, Plaintiff alleges the April Letter violated the statute as UCB "fully intended to present the offer contained in the April Letter in subsequent letters sent to the Plaintiff, inclusive of but not limited to the May Letter, and the use of the language of the offer not being renewed was solely invoked to coerce the Plaintiff to not dispute the debt or invoke his rights under 1692g." (Compl. ¶ 51.) Plaintiff expands on the claim in his opposition, arguing that "a debt collector violates . . . § 1692g if a letter leads the debtor to believe he or she has less than the statutorily required thirty days to dispute the debt." (Pl.'s Opp. at 14 (citing *Spira v. I.C. Sys.*, No. 05 CV 4367 (RML), 2006 U.S. Dist. LEXIS 72640, at *11 (E.D.N.Y. Oct. 5, 2006)).

UCB avers that courts in this Circuit have consistently held that offers to settle a debt do not violate Section 1692g, including where the offer requires the consumer to accept it by a deadline within the validation period. (UCB Mem. at 8; Defendant's Reply Memorandum of Law in Further Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("UCB's Reply") ECF No. 12 at 6-7.) For example, *Soffer v. Nationwide Recovery Sys, Inc.*, No. 06-CV-435 (SLT)(CLP), 2007 WL 1175073, at *1 (E.D.N.Y. Apr. 19, 2007), involved a debt collection letter that included a settlement offer with a deadline. The plaintiff alleged the letter violated Section 1692g because the settlement offer on the front of the letter overshadowed or contradicted the validation notice on the back, and created confusion about the thirty day debt dispute period. *Id*. at *3. The court held that multiple courts within this Circuit have rejected this same argument by holding "a settlement offer contained in a debt collector's initial communication with a debtor does not overshadow or contradict a validation notice contained in that same communication." *Id*. at *4. The court held "[m]erely presenting a consumer with an option to resolve a debt by accepting

10

a settlement offer does not in any way blunt the effectiveness of a validation notice explaining that the consumer has a right to dispute the debt if the consumer chooses to do so." *Id*. at *5.

Plaintiff attempts to distinguish this case and others by arguing that none of them dealt with debt collection letters that include the *Evory* safe harbor language. (Pl.'s Opp. at 15.) The Court does not find this to be persuasive. The inclusion of language alerting the consumer that the debt collector is not obligated to renew the settlement offer would not impact the Court's analysis under Section 1629g. Plaintiff argues this language "stokes the fears of the least sophisticated consumer to abide by the sophistry it was intended to guard against, a one-time offer that will quickly expire." (Pl.'s Opp. at 16.) However, this is even less likely in this case, where the settlement offer has no deadline and cannot be described as a one-time offer.

Therefore, Plaintiff's third cause of action pursuant to Section 1629g is dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12 and to terminate the action.

Dated: November 15, 2021                                        SO ORDERED:
White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge

11